## D. LEE EDMUNDSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17827. Promulgated December 20, 1929.

*Lee C. Bradley, Jr., Esq.,* for the petitioner.
*James L. Backstrom, Esq.,* for the respondent.

OPINION.

TRUSSELL: The question here is one of taxable gain upon an exchange of assets. Petitioner in 1919 was the owner of all of the stock of an Alabama corporation which he in that year liquidated by surrender of this stock and receipt of all of the corporate assets. It is admitted and agreed to by both parties to this proceeding that these assets had a net book value and a fair market value on that date of $26,008.11, that the stock exchanged for them had cost petitioner $24,810.01, and that petitioner realized a gain on this transaction of $1,198.10. It is further shown that petitioner immediately conveyed these assets to a new corporation in exchange for $30,000 par value of its stock and its demand note for $45,000 and that the assets thus conveyed were set up on the books of this new corporation at $75,000 to balance the cost as shown by these books. It also appears that upon the conclusion of this transaction the corporation had nothing other than the assets received and that shortly thereafter and within the same taxable year $45,000 par value of additional stock was issued to petitioner in exchange for the note in question. The proof indicates that some months after the transfer of these assets to the new corporation there were several sales of the remaining authorized stock of this corporation to certain close business friends and acquaintances of petitioner with little or no knowledge on their part of its value, these sales being in small amounts and amounting to a total of $4,500 of the $100,000 of stock authorized, the balance being already subscribed by petitioner personally.

It will thus be seen that upon the conclusion of the sales of stock $94,500 had been issued to petitioner and $4,500 to certain of his friends. No sales were made on the market and there was no stock exchange in Birmingham.

It is quite evident that the $30,000 of stock and $45,000 promissory note of the Virginia corporation received by petitioner for the assets in question did not have a fair market value of $75,000 on that date. Not only would the collection of the note have deprived the stock of value, but the assets back of the note were worth little more than 50 per cent of its face value. It is shown that the note could not be discounted or accepted for credit purposes by a bank and it is quite evident to us from the record that there could have been no market for this stock " created by buyers willing to buy and sellers

willing to sell." *Walter* v. *Duffy*, 287 Fed. 41. The few isolated sales to business friends can not be taken as establishing such a market. Cf. *Premier Packing Co.*, 12 B. T. A. 637.

However, the question submitted to us for determination is the fair market value of the stock and note received in the transaction, at the time of their receipt, only in the event that we find that value to be in excess of $45,000. This is due to the fact that petitioner has specifically, in the pleadings and through his counsel at the hearing, admitted an aggregate fair market value of $45,000 for this stock and note as of the date received, and the realization of a taxable gain upon this basis, and has appealed only from so much of the deficiency determined as arises from the use of a fair market basis in excess of $45,000 in computing the gain derived. By this admission and the limitation of his appeal petitioner is bound.

Under the proof we have found that the fair market value of these assets at the time of their receipt was not in excess of $45,000 and hold that the deficiency should be recomputed upon that basis as admitted and agreed to by petitioner.

*Judgment will be entered under Rule 50.*